CARMINE BOTTI, Plaintiff, *v.* UNITED FRUIT COMPANY, a Foreign Corporation, and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, April 11, 1938.

*Abraham Markhoff*, for the plaintiff.

*W. Dale Williams*, for the defendant United Fruit Company.

GENUNG, J. This is a motion to dismiss the complaint in a suit for $240 brought against the corporate defendant (the individual

defendant appears not to have been served) for breach of a contract under which the plaintiff was to be paid the sum of $240 by the defendant in exchange for a general release.

It is alleged in the complaint, and for the purposes of this motion may be accepted as true, that the plaintiff was an employee of the corporate defendant, that he was injured in the course of his employment and thereafter made his claim for and was awarded compensation by the United States Employees Compensation Commission, that the amount awarded was paid and that consideration of his claim ended. The plaintiff thereafter resumed his work for the corporate defendant, and claiming some time later a recurrence of the condition which was the occasion for the first award of compensation, applied to the Compensation Commission to have his case reopened, which was allowed and which resulted in further hearings before the Commission. It is in the course of the more recent hearings that plaintiff claims the agreement of the defendant to pay him $240 was entered into and he alleges that he has tendered a general release pursuant to that agreement and demanded the sum of $240, payment of which has been refused. The corporate defendant, denying the agreement was made, moves for a dismissal of this action on the ground that this court has no jurisdiction over the subject thereof, asserting that plaintiff's only recourse is under Longshoremen's and Harbor Workers' Compensation Act.

Under the Longshoremen's and Harbor Workers' Compensation Act (March 4, 1927, chap. 509, § 1; 44 U. S. Stat. at Large, 1424; U. S. Code, tit. 33, § 901 *et seq.*) it is provided that the liability of an employer for the compensation prescribed by that statute " shall be exclusive and in place of all other liability of such employer to the employee " (U. S. Code, tit. 33, § 905), except where the employer fails to secure payment of compensation, which exception does not arise in this case.

It is apparent from the complaint and the moving papers that both the plaintiff and the corporate defendant submitted themselves to the jurisdiction of the Federal Compensation Commission. It is alleged that *in the course of hearings before the Commission*, an agreement to pay the sum of $240 for a release was entered into by the parties. Although not specifically stated, it is a proper inference that payment of this amount and delivery of a release were intended to be, when effected, an accord and satisfaction of the claim for compensation which was at that time under consideration by the Compensation Commission. Under the provisions of the act, the Federal Compensation Commission is the only person

authorized to commute compensation payments (U. S. Code, tit. 33, § 914, ¶ [j]), and "no agreement by an employee to waive his right to compensation under this chapter shall be valid" (U. S. Code, tit. 33, § 915, ¶ [b]), and "no assignment, release or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid" (U. S. Code, tit. 33, § 916). Under these sections of the law it has been held that after jurisdiction of the Commission is invoked and a claim for compensation is pending, an attempted accord and satisfaction between the parties and without the approval of the Commission is illegal and void. (*Lumber Mutual Casualty Ins. Co.* v. *Locke,* 60 F. [2d] 35, 37.)

Since under the statute an agreement such as is alleged by the plaintiff herein would be invalid and illegal unless made with the approval of the Compensation Commission, and since further the plaintiff alleges that the agreement was made in the course of hearings before the Commission, I must assume that any such agreement, if made, would conform to the statute and have the duly recorded approval of the Compensation Commission. Failure on the part of the employer to carry out the agreement would subject it to the provisions of section 918 of title 33 of the United States Code which gives the employee adequate and exclusive procedure to compel payment by the employer in case of default.

It is my conclusion, therefore, that if the agreement which plaintiff alleges was in fact entered into, as he says, in the course of hearings before the Commission, he has an exclusive remedy for its enforcement through the Compensation Commission and this court has no jurisdiction. If, on the other hand, plaintiff should claim that this agreement was entered into without the approval of the Compensation Commission, it is illegal and void under the law referred to above and this court will not entertain a suit thereon.

For the foregoing reasons, therefore, I am constrained to grant the motion of the corporate defendant to dismiss the complaint.